

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 10, 1947

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas            Opinion No. V-240

Re: Whether Comptroller should is-
sue warrant in payment of wit-
ness certificate under facts
stated

Dear Sir:

Your letter requesting our opinion relative to the above-captioned matter reads, in part, as follows:

"A subpoena was issued out of the Criminal District Court of Bexar County, Texas, in the case of State of Texas vs. Howard Baylor - 49202, for Mr. Johnny Lott and was directed and delivered to the Sheriff of Tarrant County to be served on Mr. Lott. At the time the Sheriff of Tarrant County received the subpoena, Mr. Johnny Lott had removed to Galveston, and the subpoena was not served on him by the Sheriff of Tarrant County. However, upon being informed by the Federal Narcotics Bureau that subpoena had been issued and was outstanding, Mr. Johnny Lott, acting upon this information, appeared before the Criminal District Court of Bexar County at San Antonio, and the sub-poena was duly served on him there.

"The Clerk of the Criminal District Court of San Antonio issued a witness certificate to Mr. Johnny Lott, including mileage and per diem from Galveston County to San Antonio and return.

"Is this department authorized to issue war-rant in payment of the certificate?"

The relevant provisions of Article 1036, C. C. P., as amended Acts 1941, 47th Leg., p. 688, Ch. 430, Sec. 1, read as follows:

"(1) Any witness who may have been subpoenaed, or shall have been recognized or attached and given bond for his appearance before any Court, or before

any grand jury, out of the county of his residence, to testify in a felony case regardless of disposition of said case, and who appears in compliance with the obligations of such recognizance or bond, shall be allowed Three (3) Cents per mile going to and returning from the Court or grand jury, by the nearest practical conveyance, and Two Dollars ($2) per day for each day he may necessarily be absent from home as a witness in such case; . . . . .

"Witnesses shall receive from the State, for attendance upon District Courts and grand juries in counties other than that of their residence in obedience to subpoenas issued under the provisions of law Three (3) Cents per mile, going to and returning from the Court or grand jury, by the nearest practical conveyance, and Two Dollars ($2) per day for each day they may necessarily be absent from home as a witness to be paid as now provided by law; . . . . .

"(2)  Witness fees shall be allowed only to such witnesses as may have been summoned on the sworn written application of the State's attorney or the defendant or his attorney as provided in Article 463, Code of Criminal Procedure, which sworn application must be made at the time of the procuring of the subpoena, attachment for, or recognizance of, the witness. . . . . .

"(4)  The District or Criminal District Judge, when any such claim is presented to him, shall examine the same carefully, and inquire into the correctness thereof, and approve same, in whole or in part, or disapprove the entire claim, as the facts and law may require; and such approval shall be conditioned only upon and subject to the approval of the State Comptroller, as provided for in Article 1035 of the Code of Criminal Procedure; . . . . .

"(5)  The Comptroller, upon receipt of such claim and the certified list provided for in the foregoing section, shall carefully examine the same, and if he deems said claim correct, and in compliance with and authorized by law in every respect, draw his warrant on the State Treasury for the amount due in favor of the witness entitled to same. . . . . ."

Article 464, C. C. P. provides as follows:

"A subpoena is served by reading the same in the hearing of the witness. The officer having the subpoena shall make due return thereof, showing the time and manner of service, if served, and, if not served, he shall show in his return the cause of his failure to serve it; and, if the witness could not be found, he shall state the diligence he has used to find him, and what information he has as to the whereabouts of the witness."

In construing the above Article 464, the Court in Ex Parte Terrell, 95 S. W. 537, held that a subpoena cannot be served on a witness by reading it over the telephone. In this case the witness did not appear and was fined for his disobedience. The Court ordered the witness discharged and held in effect that until the witness was duly served as provided by Art. 464, C. C.P., he was under no duty to appear as a witness.

Article 1080, C. C. P., reads, as follows:

"No fees shall be allowed to a person as witness fees unless such person has been subpoenaed, attached or recognized as a witness in the case."

See also Stewart v. State, 44 S. W. 505.

Based upon the above quoted statutes, as construed by the courts, it is our opinion that the Comptroller is not authorized to issue a warrant in payment of the witness certificate, which includes mileage and per diem from Galveston to San Antonio. However, if a new certificate is secured which only includes the per diem from the time the subpoena was actually served on the witness and his mileage from San Antonio to his home in Galveston, then you would be authorized to issue warrant in payment thereof.

## SUMMARY

The Comptroller is not authorized to issue a warrant to pay a witness certificate which included per diem and mileage traveled prior to the time a subpoena was served upon the witness. Articles 1036 and 1080, C. C. P.

Yours very truly,

ATTORNEY GENERAL OF TEXAS


By s/W. V. Geppert
W. V. Geppert
Assistant

WVG/lh/wc

APPROVED:
s/Price Daniel
ATTORNEY GENERAL